[64 C.2d 873; 50 Cal.Rptr. 282, 412 P.2d 538]

[L. A. No. 27867.   In Bank.   Apr. 11, 1966.]

TONY W. PAGLIOTTI et al., Plaintiffs, Cross-defendants and Respondents, v. MARY COLLI ACQUISTAPACE, Defendant, Cross-complainant and Appellant.

Carroll Barrymore for Defendant, Cross-complainant and Appellant.

Cavalletto, Webster, Mullen & McCaughey and George D. McKaig for Plaintiffs, Cross-defendants and Respondents.

MOSK, J.—This controversy involves adjoining property owners in the City of Santa Barbara. The plaintiffs and their predecessors in interest, owners of upper ground, improved their property by the construction of 48 apartment units and adjacent paved parking area. Their parking area was bounded by a 6-inch asphalt berm which channeled surface waters to the corner of their property, and from there the surface waters traveled across defendant's property through a defined swale. The amount of surface runoff was necessarily increased when the improvements rendered impervious the previously existing bare ground. The defendant, the lower owner, found that surface waters which formerly spread fanwise across her prop-

erty now flowed in a concentrated manner and in increased volume and acceleration. Therefore she constructed a dam along her property line, the effect of which was to back surface waters up onto plaintiffs' property. This mutual vexation resulted in each landowner seeking injunctive relief against the acts of the other.

The trial court found that plaintiffs' improvements had indeed concentrated waters and increased the volume of flow onto defendant's land. But it also found that plaintiffs had no alternative method of disposing of surface waters except across defendant's property and that defendant would not be appreciably damaged by the increased flow in a confined manner across her property. Therefore plaintiffs were permitted by the court to construct an open ditch six feet wide and one foot deep across the width of defendant's property, the ditch to be maintained at plaintiffs' expense. Defendant was enjoined from maintaining her dam and from interfering with the flow of surface waters through the ditch. The defendant appeals from this judgment.

The rule of law applicable to the foregoing facts is discussed at length in *Keys* v. *Romley, ante,* page 396 [50 Cal.Rptr. 273, 412 P.2d 529], and we consider it controlling here. As indicated above, the court found plaintiffs had no alternative available other than the means they selected to dispose of surface waters. It may be that implicit therein is a determination of reasonableness. Nevertheless, we must return the cause for a finding on the reasonableness of defendant's conduct and for weighing the respective conduct of the parties in accordance with the rule described in *Keys* v. *Romley, ante,* p. 396 [50 Cal.Rptr. 273, 412 P.2d 529].

The judgment is reversed and the cause remanded with directions to the trial court to redetermine the issues in conformity with the views expressed in *Keys.* The parties are to bear their own costs on appeal.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.